859 F.2d 151
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Earl FLEMING, Defendant-Appellant.
 No. 88-5031.
 United States Court of Appeals, Fourth Circuit.
 Argued July 8, 1988.
Decided Sept. 9, 1988.
 
 Richard Steven Mendelson (Land, Clark, Carroll & Mendelson, P.C. on brief) for appellant.
 Liam O'Grady, Assistant United States Attorney (Henry E. Hudson, United States Attorney on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 David Earl Fleming appeals his conviction after a bench trial for violating 18 U.S.C. Sec. 401(3) by willfully and knowingly disobeying a court order that revoked his driver's license. We affirm.
 
 
 2
 Fleming was tried and convicted in the United States District Court in 1984 for second degree murder, reckless driving, and operating a vehicle on a revoked license. The trial judge sentenced him to a term of imprisonment, fined him, and revoked his driver's license. In 1987 he applied for and obtained a driver's license from the Virginia Department of Motor Vehicles. Fleming failed to note his 1984 convictions on his application.
 
 
 3
 On November 18, 1987, a United States park policeman arrested Fleming with a warrant charging him with operating a motor vehicle after his license had been revoked. The officer was aware of Fleming's prior convictions and of the district court's order prohibiting him from driving an automobile. Fleming was intoxicated at the time of this 1987 arrest. Upon his arrest, he volunteered to the officer that he had a "good" license. The officer responded, "No, you don't. The warrant here is for driving while revoked. You were permanently revoked by Judge Williams." The officer testified that Fleming then told him that he was aware of the order but that the Department of Motor Vehicles told him "he was okay" and that he went by what the Department of Motor Vehicles said.
 
 
 4
 On appeal, Fleming contends that the evidence of his statement to the officer was the result of improper custodial interrogation which was rendered more egregious because of his intoxicated condition, that the government failed to comply with pre-trial discovery orders, and that there was insufficient evidence to convict him. We find no merit in any of these contentions and affirm the judgment of the district court.
 
 
 5
 AFFIRMED.